# IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | | |
|---|---|---|
| SHANE M. JENKINS, ESQ., on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:19-cv-00271 |
| v. | ) ) | HONORABLE RAYMOND JACKSON |
| WALMART STORES, INC., | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT WALMART INC.'S MOTION TO DISMISS COMPLAINT

Defendant Walmart Inc. ("Walmart"), by and through the undersigned counsel, hereby moves this Court, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint filed by Plaintiff Shane Jenkins.

In support of the foregoing Motion, Walmart respectfully refers this Court to the Memorandum of Points of Authorities filed herewith.

Dated: July 29, 2019

Respectfully submitted,

/s/ Anthony T. Pierce
Anthony T. Pierce (VA Bar #27862)
Nathan J. Oleson (*pro hac vice*)
Melissa D. Chastang (VA Bar #87390)
Akin Gump Strauss Hauer & Feld LLP
2001 K St N.W.
Washington, D.C. 20006
Telephone: (202) 887-4000
Fax: (202) 887-4200
apierce@akingump.com
noleson@akingump.com
mchastang@akingump.com

*Attorneys for Defendant Walmart Inc.*

**IN THE U.S. DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| SHANE M. JENKINS, ESQ., on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:19-cv-00271 |
| v. | ) ) | HONORABLE RAYMOND JACKSON |
| WALMART STORES, INC., | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT WALMART INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT

Plaintiff Shane Jenkins seeks more than $2 billion in damages against Defendant Walmart, Inc. ("Walmart") because a Walmart greeter followed him into a parking lot to check his receipt, at which point Plaintiff was assaulted by unknown bystanders who allegedly believed he was shoplifting. Plaintiff does not contend that Walmart participated in the bystanders' assault. Instead, he alleges that it unlawfully discriminated against him under Title II of the Civil Rights Act of 1964 ("Civil Rights Act") and Title III of the Americans With Disabilities Act of 1991 ("ADA") by asking to see his receipt. Specifically, he alleges the Walmart greeter made the request because he is a Native American and disabled under the ADA.

These allegations fail to state a claim and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's claim under Title II of the Civil Rights Act (Count 1) fails because the law does not apply to retail stores like Walmart. And even if it did, Plaintiff alleges no facts that plausibly support a claim that Walmart targets Native Americans when it asks to check receipts, much less that it did so in this instance. Plaintiff's claim under the ADA (Count 2) fails for similar reasons. Plaintiff does not allege sufficient facts to establish he has standing to bring

such a claim, or that his condition qualifies as a disability within the meaning of the statute.  Nor does he offer allegations that, if true, would establish that Walmart demonstrated any animus towards him because of his condition.

Dismissal also is appropriate as to several of Plaintiff's state law claims.  For example, his claim for defamation *per se* (Count 3) must be dismissed because the statement allegedly made by the greeter—"show me your receipt"—is not defamation as a matter of law.  Nor does plaintiff plead facts that would establish that Walmart "falsely imprisoned" him (Count 4) or "negligently hired" the greeter that asked to see his receipt (Count 6).  And Plaintiff's claim for "vicarious liability" (Count 7) is not recognized in Virginia law.

Because Plaintiff has failed to state a claim for relief with respect to Counts 1-4 and 6-7, these claims must be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    FACTUAL BACKGROUND

### A.    Plaintiff Shane Jenkins

Plaintiff is a Native American and member of the Virginia bar "with class-action related experience."  *See* Compl. ¶¶ 13, 80.  He suffers from craniosynostosis, a birth defect in which some of the fibrous joints between the bones in an infant's skull close prematurely.  Compl. ¶¶ 13, 32; *see also* "Mayo Clinic: Craniosynostosis-Symptoms and Causes," at 1, *available at* www.mayoclinic.org/diseases-conditions/craniosynostosis/symptoms-causes/syc-20354513.  The condition is treated by surgically correcting the shape of the skull during childhood.  *See id*.  Plaintiff had such surgery.  Compl. ¶ 13.

### B.    Plaintiff's Visit to the Colonial Heights Walmart

On June 16, 2018, Plaintiff visited a Walmart store in Colonial Heights, Virginia.  Compl. ¶ 15.  Plaintiff alleges that as he left the store, an 80-year-old Walmart associate "forcibly pulled

his shopping cart" and asked him to "[s]how… his receipt." *Id.* ¶ 16.  As he did so, Plaintiff's cart fell over and his "property… spill[ed] onto the parking lot." *Id.* ¶¶ 16-17.  Plaintiff alleges he became "disoriented, lost his balance, and began stumbling" after the cart fell over, and that two "bystanders" "attack[ed]" him and "tackl[ed]" him to the ground because they presumed he was a shoplifter. *Id.* ¶¶ 17, 18.

Plaintiff does not allege that the Walmart associate participated in this attack or that the associate encouraged the bystanders to become involved in any way.  *See generally* Compl. ¶¶ 16-18.  After police arrived, Plaintiff was transported to the hospital.  Compl. ¶ 20.  His complaint does not allege any residual physical injuries related to the incident.  The official police report for the incident concludes that the "Walmart employee did not assault Jenkins," but that Jenkins was free to pursue charges against the two unidentified persons that "tackl[ed]" him to the ground.  Exhibit 1, June 16, 2018 Colonial Heights Police Dept. Incident Report No. 18019477, at 3, attached hereto; Compl. ¶ 18.[1]

B.    <u>Plaintiff's Complaint</u>

Plaintiff filed a seven-count complaint against Walmart on May 23, 2019.  (*See generally* Dkt. No. 1.)  Plaintiff's first claim alleges that "Wal-Mart's decision to target Shane and its decision to use force against Shane were based on race, national origin, or other impermissible criterion," and its "decision to conduct a comprehensive search of Shane's purchased goods despite no evidence of shoplifting was discriminatory treatment."  Compl. ¶¶ 25-26.  In his second claim, Plaintiff asserts that "Wal-Mart's use of greeters to administer loss prevention had

---

[1] The Court may consider matters of public record when deciding a motion to dismiss. *See, e.g.*, *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (stating that "[i]n reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record." (citations omitted)).

the effect of discriminating against Shane on the basis of disability." *Id.* ¶ 32. He also contends "Wal-Mart failed to make reasonable modifications in its loss prevention policies… necessary to eliminate the risk of serious bodily harm or death to individuals… who are targeted by a Wal-Mart employee performing loss prevention-related acts," and further that "Wal-Mart failed to provide auxiliary aids and services to ensure effective communication with individuals with disabilities." *Id.* ¶¶ 33, 34.

Plaintiff also asserts six state law claims: (1) defamation *per se,* based upon the "Wal-Mart greeter's act of forcibly pulling away Shane's shopping cart and demanding Shane's receipt"; (2) false imprisonment, in connection with the stopping of the shopping cart in Wal-Mart's parking lot; (3) battery; (4) negligence, based upon Walmart's alleged "duty to its consumers… to properly supervise, direct, and control its employees so that their actions would not present a risk of harm or danger to consumers"; (5) "vicarious liability"; and (6) conversion. Compl. ¶¶ 37-65.

On the basis of these allegations, Plaintiff seeks declaratory judgment and injunctive relief against Walmart, compensatory damages in the amount of $2.1 billion, and punitive damages. Compl. Prayer ¶¶ A-L. He also seeks to represent classes of Walmart consumers that were "innocent of shoplifting" but were "singled out and treated less favorably on the basis of race, national origin, or other impermissible criterion by a Wal-Mart employee performing loss-prevention acts, including receipt checking," or were "qualified person[s] with a disability" that were "assaulted or detained by a Wal-Mart employee performing loss-prevention acts…." *Id.* ¶ 66.

## II.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Complaints that "fail[] to state a claim upon which relief can be granted" must be dismissed.  Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, a plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, … a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations must contain enough force "to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility'" of that which is alleged.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## III.    ARGUMENT

Plaintiff's complaint fails to state a claim for race, national origin, or disability discrimination.[2]  Although Title II of the Civil Rights Act can apply to consumers who allegedly suffer race or national origin discrimination at certain types of establishments, this provision does not apply to retail stores like Walmart.  Plaintiff likewise has failed to state a claim under Title III of the ADA, because he fails to allege he intends to return to a Walmart store (as is

---

[2] Plaintiff's complaint also includes various allegations that Walmart greeters discriminate against customers based on gender, (*see, e.g.*, Compl. ¶ 75), but plaintiff does not allege a specific count of discrimination based on sex or gender under Title II.  Nor could he.  Title II "does not proscribe discrimination on the basis of sex." *Jackson v. Tyler's Dad's Place, Inc.,* 850 F. Supp. 53, 55 (D.D.C. 1994), *aff'd*, 107 F.3d 923 (D.C. Cir. 1996); *see also, e.g.*, *Armstrong v. James Madison Univ.*, No. 5:16-CV-00053, 2017 WL 2390234, at *6 (W.D. Va. Feb. 23, 2017) (Title II does not prohibit sex discrimination).

required to have standing under the law), nor does he allege facts establishing that he has a qualified disability for which he is entitled to relief under the Act. More fundamentally for purposes of both statutes, Plaintiff fails to allege any facts to support an inference that his race, national origin, or disability was the reason the Walmart greeter checked his receipt.

Plaintiff's state law claims for defamation, false imprisonment, negligence and vicarious liability also are not viable. The statement "show me your receipt" is not defamation *per se* as a matter of law, nor is it false imprisonment under Virginia law to "forcibly" grab a cart in a parking lot. Plaintiff also has failed to allege facts that would support a claim for negligence, and there is no claim for "vicarious liability" under Virginia law. Each of these claims therefore must be dismissed as a matter of law. Compl. ¶¶ 16, 38, 43.

### A.   Plaintiff Has Not Stated a Claim for Race or National Origin Discrimination.

### 1.   Retail Stores Are Not Covered by Title II of the Civil Rights Act.

Plaintiff alleges that Walmart violated Title II of the Civil Rights Act by demanding to see his receipt upon leaving the store. *See* Compl. ¶¶ 3, 7, 16. But a retail store like Walmart is not subject to Title II. By its terms, Title II applies to a narrowly defined set of "public accommodations," including hotels, facilities that principally sell food for consumption on the premises, places of entertainment, and locations that contain one of the foregoing businesses. 42 U.S.C. § 2000a; *see also*, *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006) (holding that Title II "sets forth a comprehensive list of establishments that qualify as a 'place of public accommodation,' and in so doing excludes from its coverage those categories of establishments not listed."). Retail stores are not included within the list of regulated public accommodations, and thus are not subject to Title II.[3]  *See Taylor v. CVS, Inc./Caremark*, No.

---

[3] This is not by accident—Senator Hubert Humphrey, a sponsor of the Civil Rights Act, specifically noted that Congress was not including retail locations within the list of public

3:16-CV-171, 2018 WL 3371043, at *2 (E.D. Va. July 10, 2018) (holding that "Title II does not cover [defendant], a retail store."); *see also, e.g.*, *Cruz v. Walmart Super Ctr.*, No. 5:16-CV-03665, 2017 WL 3727003, at *3 (E.D. Pa. Aug. 29, 2017) (holding Title II did not apply to a Walmart retail store). Plaintiff accordingly cannot state a claim for race or national origin discrimination under Title II against Walmart. *See* Compl. ¶ 14 (alleging Walmart "operates retail stores").

### 2. Plaintiff Does Not Allege a Plausible Claim of Discrimination.

Even if Plaintiff could assert a claim of race or national origin discrimination against Walmart (and he cannot), he has failed to do so here.

To state a claim, a plaintiff must plead facts that suggest "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. In the context of a discrimination claim, this requires that a plaintiff plead "circumstances giving rise to an inference of unlawful discrimination," such as a pattern of discrimination based on the plaintiff's race by the defendant, or by comparing the plaintiff's own situation to that of a similarly situated white comparator. *Swaso v. Onslow Cty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017), *as amended* (Aug. 11, 2017) (per curiam); *Carter v. Va. Dep't of Game & Inland Fisheries*, No. 3:16CV661, 2017 WL 4413192, at *11 (E.D. Va. Sept. 29, 2017) (applying standard to motion to dismiss (citing *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582 (4th Cir. 2015))). Where "[o]nly speculation can fill the gaps in [plaintiff's] complaint," the pleading requirements of Rule 8(a) are not satisfied and dismissal is warranted. *McCleary-Evans*, 780 F.3d at 593, 586-88 (affirming dismissal of discrimination claim where plaintiff alleged that she was a qualified black

---

accommodations covered by Title II. *See, e.g.*, *Newman v. Piggie Park Enters., Inc.,* 377 F.2d 433, 436 (4th Cir. 1967).

female applicant that had not been hired for a job over a white applicant without providing any further factual support for the allegation of discriminatory treatment).

Plaintiff fails to allege any facts that suggest Walmart specifically targets him or other Native Americans when it asks customers to see their receipts.  Indeed, beyond alleging that he is an "American Indian," Plaintiff makes no further allegations regarding the role of race or nationality in the alleged incident.  *See* Compl. ¶ 13.  He offers no allegations of any comments evincing any animus towards him based on his race or national origin, much less assert facts that, if true, would establish that the Walmart greeter was even aware of his Native American ancestry. Rather, plaintiff simply alleges that the Walmart greeter tried to stop him to view his receipt, and states in conclusory fashion that he did so "based on race, national origin, or other impermissible criterion."  Compl. ¶¶ 25-26.

This is not enough.  "Merely stat[ing] in a conclusory manner that the Defendants targeted [plaintiff] for punishment" on the basis of a protected characteristic is "insufficient to show discriminatory intent" for purposes of avoiding dismissal under Fed. R. Civ. P. 12(b)(6). *Armstrong*, 2017 WL 2390234, at *6.  This is particularly so when Plaintiff's own allegations suggest other plausible, non-discriminatory reasons for defendant's conduct.  *See McCleary-Evans*, 780 F. 3d at 588 (where a plaintiff's "complaint leaves open to speculation the cause for the defendant's" scrutinized action, "invidious discrimination [] is not plausible in light of [an] 'obvious alternative explanation.'") (quoting *Iqbal*, 556 U.S. at 682).  Such is the case here— Plaintiff alleges a Walmart greeter asked to see his receipt because he allegedly believed Plaintiff was shoplifting.  But plaintiff claims this is something that happens across the country to people of all races, including Caucasians, African-Americans, and Hispanics.  *See* Compl. ¶¶ 74, 76.  In

8

doing so, Plaintiff has effectively pled himself out of court.[4]  *See Motley v. Virginia*, No. 3:16-CV-595, 2018 WL 1472491, at *7-8 (E.D. Va. Mar. 26, 2018), (dismissing Title VII claim where plaintiff's allegations failed to "demonstrate that similarly-situated applicants outside the protected class received more favorable treatment."), *aff'd*, 741 F. App'x 171 (4th Cir. 2018); *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 626 (4th Cir. 2015) (affirming dismissal of plaintiff's race discrimination claim where plaintiff effectively "pled himself out of court" by impliedly acknowledging existence of non-discriminatory rationale for treatment).

Plaintiff asks the Court to assume, without any factual support, that (1) the Walmart greeter was aware of his race and national origin when he walked out of the Colonial Heights store, and (2) the greeter specifically decided to stop him because of his race and national origin, rather than simply to check his receipt.  But "bare assertions devoid of further factual enhancements" are not enough to state a claim.  *Nemet Chevrolet*, 591 F.3d at 255.  Rather, a plaintiff must allege sufficient facts to push their claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  Because Plaintiff has failed to plead any facts to suggest his Native American race or national origin was the reason he was asked to show his receipt, his claim fails and must be dismissed.[5]

---

[4] Plaintiff appears to contend that he can represent all races and national origins that have been asked to show their receipts, (*see, e.g.*, Compl. ¶ 66), but this is improper.  It is well settled that a plaintiff cannot serve as a class representative of other races.  *Hall v. Beals*, 396 U.S. 45, 48-49 (1969) (per curiam); *Bailey v. Patterson*, 369 U.S. 31, 32-33 (1962) (per curiam).  Moreover, for purposes of standing, "even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (internal quotation marks omitted).  As explained above, plaintiff has not done so here.  In addition to these deficiencies, plaintiff's class allegations also are fatally flawed in many respects.  However, because plaintiff has failed to state a claim for relief as to even himself, it is unnecessary to address these various deficiencies in this motion.

[5] To the extent Plaintiff is asserting a Title II race discrimination claim based on a theory of disparate impact, courts have held that such a claim is not actionable under Title II.  *See*

B.    **Plaintiff Has Not Stated a Claim for Disability Discrimination.**

1.    **Plaintiff Does Not Have Standing To Assert a Claim of Disability Discrimination.**

Plaintiff also has failed to state a claim for relief under the ADA.  As an initial matter, Plaintiff does not have standing to bring such a claim.  Claims of discrimination under Title III of the ADA are limited to injunctive relief, and standing to seek injunctive relief requires a "real or immediate threat" of future harm from the complained-of behavior.[6]  *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 638 (4th Cir. 2016) (finding no real or immediate future threat that plaintiff would be turned away from shelters based on her alleged mental disability where plaintiff filed her complaint "due to [] persistent and distressing memories"); *see* 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a).  Thus, to bring a claim, a plaintiff must show more than a past injury; there must be "continuing, present adverse effects."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992).  For ADA plaintiffs, this requires pleading a plausible intention to return to the location in order to show the likelihood of future injury.  *See Daniels v. Arcade, L.P.*, 477 F. App'x 125, 130 (4th Cir. 2012) (implementing this standard in the Fourth Circuit and assessing the plausibility of ADA plaintiff's allegation of intent to return); G*riffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 655-56 (4th Cir. 2019) (dismissing claim after affirming the *Daniels* principle that an ADA plaintiff must "show a plausible intent to return to that location in order to have standing to sue for injunctive relief.").

---

*Hardie v. Nat'l Collegiate Athletic Ass'n.*, 97 F. Supp. 3d 1163, 1169 (S.D. Cal. 2015), *aff'd*, 876 F.3d 312, 327 (9th Cir. 2017) (Faber, J., concurring); *LaRoche v. Denny's*, Inc., 62 F. Supp. 2d 1366, 1370 n.2 (S.D. Fla. 1999).

[6] Because Title III only provides for equitable relief, a plaintiff cannot sustain a claim for compensatory damages.  42 U.S.C. § 2000a-3(a).  Plaintiff's claim for compensatory and other damages under Title III accordingly should be dismissed with prejudice.

Plaintiff has not made these allegations here.  He does not allege any intention to return to any Walmart store, much less the store in Colonial Heights.  To the contrary, he alleges that he is unable to return to the Colonia Heights store.[7]  Compl. ¶ 22.  He accordingly does not have standing to bring a claim under Title III of the ADA.  *See, e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 704, 706 (2013) ("a 'generalized grievance,' no matter how sincere, is insufficient to confer standing").  Because Plaintiff has not alleged facts to establish that he has standing to pursue a claim under Title III of the ADA, his claim should be dismissed.[8]

      **2.**      **Plaintiff Fails To Allege Facts Sufficient To Establish That He Has a Qualified Disability for Which He Can Pursue Relief Under the ADA.**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).  To prevail on a Title III ADA claim, a plaintiff must plausibly allege: (1) that "he suffers from an ADA-covered disability"; (2) that the defendant "owns, leases, or operates a place of public accommodation"; and (3) that he

---

[7] Even if Plaintiff amends his pleadings to suggest that he would return to another Walmart location, such an amendment would be futile because of Plaintiff statements that he cannot and would not return to the Colonial Heights Walmart.  *See, e.g.*, *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 455 (4th Cir. 2017) (explaining the *Daniels* principle that because an ADA plaintiff must allege a past injury at a "particular location," the "plausible intention[] to thereafter return to *that* location" is what constitutes the likelihood of future injury (emphasis added)), *cert. denied*, 138 S. Ct. 2657 (2018).

[8] Plaintiff also cannot establish standing because he alleges that the threat of injury to him based on his disability is due to the actions of third parties.  *See* Compl. ¶¶ 16-18.  To have standing, plaintiff must establish that he has been injured as a result of the defendant's actions and that the injury can be redressed by a favorable decision providing an injunction to stop defendant's complained-of behavior.  *See Thomas*, 841 F.3d at 639 (affirming dismissal of disability discrimination claim premised on denial of services where allegations did "not draw a sufficient nexus of causation between whatever mental illness [plaintiff] may have and the defendants' actions.").  Here, plaintiff alleges that bystanders, not a Walmart associate, caused his injuries.  (*See* Compl. ¶ 18.)  The Court accordingly cannot order injunctive relief based on plaintiff's ADA claim, because it cannot require Walmart to constrain the actions of random passersby.

"was denied public accommodation by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010); *Callum v. CVS Health Corp.*, 137 F. Supp. 3d 817, 839 (D.S.C. 2015). In this case, Plaintiff fails to satisfy the first and third prongs.

As the implementing regulations of the ADA emphasize, "not every impairment will constitute a disability." 28 C.F.R. § 36.105(d)(1)(v). To be covered by the ADA, a person must (1) have a "physical or mental impairment that substantially limits one or more major life activities;" (2) have "a record of such an impairment;" or (3) be "regarded as having such an impairment." 42 U.S.C. § 12102(1). A limitation only meets the definition if "it *substantially limits* the ability of an individual to perform *a major life activity* as compared to most people in the general population." *Id.* (emphasis supplied).

Walmart acknowledges that Plaintiff is afflicted with the condition of craniosynostosis. However, the ADA does not extend relief to every person that suffers from a condition or ailment as a matter of course. *See* 42 U.S.C. § 12102(1)(A); 28 C.F.R. § 36.105(d)(1)(v). Both the ADA and the rules of pleading require plaintiffs to do more than merely state the existence of a medical condition in order to state a claim for relief. *See Signore v. Bank of Amer., N.A.,* No. 2:12cv539, 2013 WL 5561612, at *8 (E.D. Va. Oct. 8, 2013) (dismissing ADA claim because plaintiff failed to "provide specific information about any impact of her [] impairment on her life's activities"). Here, Plaintiff does not allege facts to show how his condition impacts a major life activity as required by the ADA, and his claim should be dismissed.

### 3. Plaintiff Does Not Allege a Plausible Claim of Disability Discrimination.

Plaintiff's disability claim also fails because he does not plead sufficient facts to establish that Walmart discriminated against him because of his disability. As with his claim for race and

national origin discrimination, conclusory assertions of discriminatory intent are not enough.
*See, e.g.*, *Zhang v. Ross Store Inc.*, No. 1:10-CV-1328, 2011 WL 8129471, at *3 (E.D. Va. May
17, 2011) (finding no plausible basis for plaintiff's "conclusion that defendants acted
discriminatorily or that they failed to accommodate her purported disability" when plaintiff
"simply allege[d] that she had a disability, and that she was ordered to leave the store.").

Plaintiff asserts that "use of greeters to administer loss prevention had the effect of
discriminating against Shane on the basis of a disability," because his "head is highly
vulnerable."  Compl. ¶ 32.  But he offers no factual allegations that would demonstrate Walmart
was aware of his condition, a necessary precondition to an allegation of disability discrimination.
*See, e.g.*, *Sturgill v. Norfolk S. Ry. Co.*, No. 2:18CV566, 2019 WL 1063374, at *6-7 (E.D. Va.
Mar. 6, 2019) (dismissing ADA claim where employer had no reasonable way of knowing
plaintiff's symptoms were caused by a disability); *see also Adkins v. Briggs & Stratton Corp.*,
159 F.3d 306, 307 (7th Cir. 1998).  Nor does he allege any facts that demonstrate that Walmart
stopped him *because of* his disability, as required to state a claim for disability discrimination
under the ADA.  *See, e.g.*, *Croley v. Hunting Creek Club Condo. Ass'n*, No.
105CV1326CMHBRP, 2005 WL 5269272, at **2, 4 (E.D. Va. Dec. 13, 2005), *aff'd sub nom.*
*Croley v. Hunting Creek Club Condo. Ass'n*, 201 F. App'x 953 (4th Cir. 2006) (dismissing pro se
plaintiff's Fair Housing Discrimination claim because "nowhere does he allege with any
substance that any of his perceived discrimination is the result of his handicap."), *aff'd*, 201 F.
App'x 953 (4th Cir. 2006) (per curiam); *Hardaway v. Equity Residential Mgmt., LLC*, ., No.
DKC 11-1924, 2012 WL 3903489, at *5 (D. Md. Sept. 6, 2012) (dismissing ADA claim because
"Plaintiffs' subjective belief alone that discrimination was a motivating factor" for the alleged

discrimination was "insufficient 'to raise a right to relief above the speculative level.'" (quoting *Twombly*, 550 U.S. at 555)).

Plaintiff also alleges that Walmart "failed to provide auxiliary aids and services to ensure effective communication with individuals with disabilities," (Compl. ¶ 34), but these aids are only necessary to accommodate deaf and blind individuals, or those with other disabilities that prevent them from communicating orally or visually. *See, e.g.*, *Feldman v. Pro Football, Inc.*, 419 F. App'x 381, 390-92 (4th Cir. 2011) (per curiam) (explaining that the requirement to ensure "effective communication with individuals with disabilities" in the form of auxiliary aids applies to deaf individuals); *see* 28 C.F.R. § 36.303(c). Plaintiff does not allege that he has these or similar impairments, much less how Walmart—which Walmart provides language assistance and auxiliary aids and services to customers at no cost, *see* Walmart Policies and Guidelines, at Non-Discrimination – Healthcare Services, *available at* https://corporate.walmart.com/policies--failed to accommodate them. Plaintiff accordingly fails to state a claim that Walmart did not accommodate his disability through lack of "effective communication" – or under any other theory – in violation of Title III of the ADA.

### C.    Plaintiff's State Law Claims for Defamation, False Imprisonment, Negligence and Vicarious Liability Fail under Virginia Law.

#### 1.    Plaintiff Has Not Pled a Claim of Defamation *Per Se*.

Plaintiff's defamation claim also fails as a matter of law. Under Virginia law, a plaintiff may pursue an action for defamation *per se* by proving (1) the publication of; (2) a false factual statement; (3) that concerns and harms the plaintiff or plaintiff's reputation; (4) that the defendant knew to be false, or lacked a reasonable basis for believing to be true, or was negligent in failing to determine the factual basis for in light of an apparent and substantial danger to the plaintiff's reputation. *See Hyland v. Raytheon Tech. Servs. Co.*, 670 S.E.2d 746, 750 (Va. 2009).

14

Virginia recognizes that defamation may occur through "inference, implication or insinuation." *Union of Needletrades Emps. v. Jones*, 603 S.E.2d 920, 924 (Va. 2004).  However, "speech which does not contain a provably false *factual* connotation, or statements which cannot reasonably be interpreted as stating *actual facts* about a person cannot form the basis of a common law defamation action."  *Fuste v. Riverside Healthcare Ass'n, Inc.*, 575 S.E.2d 858, 861 (Va. 2003) (emphases added).

Plaintiff contends that while "forcibly pull[ing]" Plaintiff's shopping cart, the Walmart associate stated, "show me your receipt."  Compl. ¶ 16.  But this statement is not defamatory as a matter of law because it does not contain any factual assertion—the statement "show me your receipt" cannot be proven true or false, as is required when assessing a claim of defamation. *Fuste*, 575 S.E.2d at 861.

Indeed, this Court has held that statements far more suggestive of criminal misconduct are not defamatory.  For example, in *Swift v. Frontier Airlines, Inc.*, this Court determined that a boarding gate agent's comments to a passenger that, "I will call the airport security police to come and arrest you" and "can someone call me an airport security police?" were legally insufficient to suggest that the passenger plaintiff had committed a crime of moral turpitude. *Swift v. Frontier Airlines, Inc.*, No. 1:14-CV-1139 (AJT/IDD), 2014 WL 12663211, at *1, n.1 (E.D. Va. Dec. 31, 2014), *aff'd*, 636 F. App'x 153 (4th Cir. 2016).  The alleged statement here is far less accusatory (if it is accusatory at all), and asserts no facts regarding Plaintiff – defamatory, insulting, offensive, or otherwise.  Walmart accordingly requests that Plaintiff's defamation claim be dismissed with prejudice.

**2.    Plaintiff Has Not Stated a False Imprisonment Claim Against Walmart.**

Plaintiff's false imprisonment claim is likewise deficient.  The tort of false imprisonment requires the "direct restraint" of one person by another.  *Whitlock v. Street*, No. 3:12-CV-95-HEH, 2012 WL 3686434, at **5-6, 8 (E.D. Va. Aug. 24, 2012) (dismissing claim of false imprisonment because "false imprisonment in Virginia requires some direct involvement of the alleged tortfeasor" and there was no "indication that Plaintiff was directly and forcibly restrained by Defendant.").  A claim of false imprisonment cannot be based on detention by others—even if a defendant provides false information to third parties that leads them to arrest the plaintiff, no cause of action lies where the defendant did not "actively participate[]" in the arrest and "[a]t most…stood as a bystander."  *Id.* at *6.

Here, Plaintiff alleges only that the Walmart associate spoke to him long enough to utter only four words before "two bystanders" tackled him to the ground without the involvement or participation by Walmart employees.  Compl. ¶¶ 16-18.  He does not allege that the 80-year-old greeter participated in the assault.  He accordingly has not stated a claim for false imprisonment against Walmart under Virginia law.  *See Shah v. Southwest Airlines*, No. 1:13-CV-1481 (AJT/JFA), 2014 WL 4547160, at *2-3 (E.D. Va. Mar. 6, 2014) (dismissing claims where there was a "lack of any allegations that any employee of [defendant] actually participated in any unlawful detention or even instigated any such unlawful detention.").

**3.    Plaintiff Has Not Stated a Claim of Negligence Under Virginia Law.**

Plaintiff's theory of negligent hiring, retention and supervision also fails and must be dismissed.  Compl. ¶¶ 51-58.

*First*, to the extent Plaintiff raises a claim for negligent supervision, this claim must be dismissed because Virginia does not recognize negligent supervision as an independent cause of

16

action.  *See Chesapeake & Potomac Tel. Co. v. Dowdy*, 365 S.E.2d 751, 754 (Va. 1988); *Johnson v. Enter. Leasing Co.*, No. 98-2573, 1999 U.S. App. LEXIS 15752, at *1 (4th Cir. July 13,1999) (per curiam) (recognizing no cause of action for negligent supervision under Virginia law).

Second, for an employer to be liable for negligent hiring or retention, the plaintiff must prove all four elements of common law negligence:  (1) the existence of a duty of care; (2) breach of the duty; (3) causation; and (4) harm.  *See, e.g.*, *Se. Apartments Mgmt., Inc. v. Jackman*, 513 S.E.2d 395, 397-98 (Va. 1999) (tenant failed to establish prima facie case of negligent hiring or negligent retention).  The test for negligent hiring "is whether the employer has negligently placed 'an unfit person in an employment situation involving an unreasonable risk of harm to others.'"  *Simmons v. Balt. Orioles, Inc.*, 712 F. Supp. 79, 81 (W.D. Va. 1989) (quoting *J. v. Victory Tabernacle Baptist Church*, 372 S.E.2d 391, 394 (Va. 1988)).  An employer is only "liable for negligent hiring where the employer fails 'to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which . . . it should have been foreseeable that the hired individual posed a threat of injury to others.'"  *Morgan v. Walmart Stores E., LP*, No. 3:10-CV-669-HEH, 2010 WL 4394096, at *3 (E.D. Va. Nov. 1, 2010) (quoting *Interim Pers. of Cent. Va., Inc. v. Messer*, 559 S.E.2d 704, 707 (Va. 2002)).  Consistent with these principles, a claim of negligent hiring generally requires a showing of physical harm, as opposed to monetary damages or emotional harm.  *See e.g.*, *Wolf v. Fauquier Cty. Bd. of Supervisors*, 555 F.3d 311, 320 (4th Cir. 2009) (finding that serious physical injury is a required element of a claim for negligent hiring under Virginia law (collecting cases)).

Here, Plaintiff makes no allegation that the Walmart greeter physically harmed him. Instead, Plaintiff alleges that "two bystanders" tackled him.  Compl. ¶ 18.  But Plaintiff does not

allege that Walmart "retained" these individuals.  His claim accordingly fails, because Walmart cannot be held responsible for a non-employee bystanders' actions.  *See Frank Krasner Enters., Ltd. v. Montgomery Cty.*, 401 F.3d 230, 236 (4th Cir. 2005) (injury not redressable where third party breaks chain of causation).  Nor does Plaintiff plead any facts to allow a plausible inference that Walmart knew, or should have known, that asking a customer for their receipt would pose an "unreasonable risk of harm to others."  *Jackman*, 513 S.E.2d at 397.  Without the factual allegations that the Walmart associate in question was unfit or caused the physical injury, Plaintiff's claim "that innocent consumers *could be* harmed by Wal-Mart greeters" fails.  Compl. ¶ 57 (emphasis added); *see Walters v. McMahen*, 684 F.3d 435, 441 (4th Cir. 2012); *Reid v. Newton*, No. 3:13-CV-572, 2014 WL 1493569, at *6 (E.D. Va. April 14, 2014).

### 4.  Virginia Does Not Recognize Vicarious Liability as a Claim for Relief.

Plaintiff's vicarious liability claim also fails.  "Vicarious liability is not a separate cause of action in Virginia, but rather, a theory of liability."  *Ali v. Coleman*, No. 1:12-CV-560, 2013 WL 4040444, at *2 (E.D. Va. Aug. 6, 2013); *see also, White v. Punita Group, Inc.*, No. 1:15-CV-1195, 2016 WL 1117476, at *7 (E.D. Va. Mar. 18, 2016) (finding that vicarious liability is a theory of recovery and cannot be presented "as a separate cause of action").  Therefore, Plaintiff's claim of vicarious liability is improper and should be dismissed under Rule 12(b)(6) because it does not assert an independent claim for relief.

## IV.  <u>CONCLUSION</u>

For the reasons stated herein, Walmart respectfully requests that this Court dismiss Counts 1-4 and 6-7 of Plaintiff's complaint pursuant to Rule 12(b)(6) and Rule 8(a) of the Federal Rules of Civil Procedure.

[SIGNATURE NEXT PAGE]

18

Dated: July 29, 2019                              Respectfully submitted,


                                                  /s/ Anthony T. Pierce
                                                  Anthony T. Pierce (VA Bar #27862)
                                                  Nathan J. Oleson (*pro hac vice* application
                                                  pending)
                                                  Melissa D. Chastang (VA Bar #87390)
                                                  Akin Gump Strauss Hauer & Feld LLP
                                                  2001 K St N.W.
                                                  Washington, D.C. 20006
                                                  Telephone: (202) 887-4000
                                                  Fax: (202) 887-4200
                                                  apierce@akingump.com
                                                  noleson@akingump.com
                                                  mchastang@akingump.com

                                                  *Attorneys for Defendant Walmart Inc.*

## NOTICE PURSUANT TO LOCAL CIVIL RULE 7(K)

Defendant Walmart Inc. has filed the foregoing Motion to Dismiss Plaintiff's Complaint. Plaintiff is entitled to file a response and legal brief in opposition within 21 days of the filing of this Motion to Dismiss, and failure to file a response may result in dismissal of the action.  In response, Plaintiff must identify all facts stated by Walmart with which Plaintiff disagrees and must set forth Plaintiff's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury).

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July 2019, I mailed a true and correct copy of Defendant Walmart Inc.'s Motion to Dismiss Complaint and Memorandum of Points and Authorities in Support to be served via U.S. mail upon the following:

Shane M. Jenkins, Esq.
124 Ridgecrest Drive
Suffolk, VA 23434
Telephone: (757) 619-5946
Fax: (703) 229-0524
jenkins@jenklaw.com

*/s/ Anthony T. Pierce*
Anthony T. Pierce