IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHANE JENKINS, and
JEREMIAH HENDERSON, on behalf
of themselves and others similarly situated,

    Plaintiffs,

v.                            CIVIL ACTION NO. 2:19-cv-271

WALMART STORES, INC.,

    Defendant.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Walmart Stores, Inc.'s ("Walmart") Motion to Dismiss Counts 1–3, 6, and 8–10 of the Amended Complaint. ECF Nos. 22–23. Shane M. Jenkins ("Mr. Jenkins") and Jeremiah Henderson ("Mr. Henderson") (collectively "Plaintiffs") have also requested a hearing on Walmart's Motion to Dismiss. ECF Nos. 27, 28. After reviewing the relevant filings, the Court has determined that a hearing on the Motion to Dismiss is not necessary. Accordingly, Plaintiffs' requests for a hearing are **DENIED**. For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

The basis for the instant lawsuit stems from separate incidents at two different Walmart Supercenters on June 16, 2018 and October 15, 2018. *See* ECF No. 20. The Amended Complaint alleges that Mr. Jenkins and Mr. Henderson were stopped by Walmart employees known as "greeters" at the store exits and asked to produce their receipts, in accordance with standard

practice at all Walmart Supercenters in Virginia. Mr. Jenkins and Mr. Henderson claim that they were injured after these encounters with Walmart greeters descended into physical confrontations with purported agents of Walmart. While Mr. Jenkins and Mr. Henderson did not produce receipts after the greeters' prompting, they contend that they did not shoplift the items they carried out of the store and that Walmart had no probable cause to believe they shoplifted. Mr. Jenkins and Mr. Henderson also claim that Walmart used greeters to unlawfully detain them and all Walmart customers from May 23, 2017 onward who left the store without having probable cause of shoplifting, in violation of Virginia law. Mr. Jenkins also claims that the actions of Walmart's agents on June 16, 2018 constitute defamation, false imprisonment, assault and battery, negligence, and conversion. Mr. Henderson further claims that the actions of Walmart's agents on October 15, 2018 constituted false imprisonment and negligence.

Mr. Jenkins filed the original complaint on May 23, 2019. ECF No. 1. Walmart first moved to dismiss on July 29, 2019. ECF Nos. 11–12. Mr. Jenkins was granted leave to file the Amended Complaint on February 5, 2020 and the deadline to file the Amended Complaint was extended on February 21, 2020. ECF Nos. 16, 18. Plaintiffs filed their Amended Complaint on April 3, 2020. ECF No. 20. Walmart filed its Motion to Dismiss on April 17, 2020. ECF No. 22–23. Plaintiffs responded in opposition on May 1, 2020. ECF Nos. 24, 25. Walmart replied to Plaintiffs' opposition on May 7, 2020. ECF No. 26. As such, this matter is ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. The United States Supreme Court ("Supreme Court") has stated that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Specifically, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, at the motion to dismiss stage, the court is bound to accept all of the factual allegations in the complaint as true, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Assessing the claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

### A. Count Three

In Count Three of the Amended Complaint, Mr. Jenkins claims that the statements of the Walmart employees who assumed he was shoplifting after he walked out of the store without showing the greeter his receipt constitutes knowing defamation per se. Specifically, Mr. Jenkins alleges that the following statements made by Walmart employees were defamatory: (1) "show me your receipt;" (2) "the guy that was stealing hit his head;" (3) "he wasn't stealing the crown jewels;" (4) "no one knocked [Jenkins] down [but] he threw himself on the ground; and (5) a generalized allegation on Walmart's "false narrative about the incident." Mr. Jenkins also alleges that Walmart knew these statements were defamatory because a Walmart employee helped him check out at the register before the foregoing statements were made. *See* ECF No. 20 at ¶¶ 14–24, 56–67.

A private individual asserting a claim of defamation must show the following: (1) the defendant published a false factual statement that concerned and harmed the plaintiff or the

3

plaintiff's reputation; (2) the defendant knew that the statement was false or, believing the statement was true, lacked a reasonable basis for such belief, or acted negligently in failing to determine the facts on which publication was based. *Hyland v. Raytheon Technical Servs. Co.*, 670 S.E.2d 746, 750 (Va. 2009). Defamation may occur through inference, implication, or insinuation. *Union of Needletrades v. Jones*, 603 S.E.2d 920, 924 (Va. 2004). Defamatory words that impute to a person the commission of a criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished are actionable as defamation per se. *Tronfield v. Nationwide Mut. Ins. Co.*, 636 S.E.2d 447, 449–50 (Va. 2006).

The greeter's statement of "show me your receipt" does not constitute defamation because the fact that a Walmart employee helped Mr. Jenkins check out at a register did not impute the knowledge that he was not shoplifting on the entire corporation. ECF No. 20 at ¶¶ 59, 61. The purpose of Walmart's policy of placing a "greeter" at store exits is to verify all customer purchases beyond the employee at the register. Implicit in this policy is an acknowledgement that Walmart did not have actual knowledge of whether Mr. Jenkins—or any other customer—was shoplifting strictly based on their checking out at the register. The Amended Complaint does not allege that the greeter unfairly targeted him or requested his receipt while letting other customers pass by—in fact, it alleges that he was asked for his receipt the same as every other customer. It naturally follows that when Mr. Jenkins ignored the greeter's request for his receipt, it was reasonable for the greeter to simply request his receipt again without triggering the inference of an undue accusation.

Plaintiffs' claim regarding the sufficiency of the greeter's statement rests on two faulty assumptions: (1) the fact that a Walmart employee helped Mr. Jenkins check out at a register imputed the knowledge that he was not shoplifting on the entire corporation; and (2) statements

4

that mistakenly imply that a person shoplifted are always defamation per se. *See* ECF No. 25 *citing Ball v. Walmart, Inc.*, 102 F. Supp. 2d 44 (D. Mass. June 23, 2000). Once again, the Amended Complaint alleges that Walmart's greeter policy is designed to verify customer purchases on an indiscriminate basis due to a lack of knowledge regarding shoplifting. In *Ball*, the court found that a reasonable juror could find in favor of the plaintiff because the Walmart employee singled out the plaintiff for a seemingly baseless inquiry while letting other customers pass by undisturbed. *Ball*, 102 F. Supp. 2d at 50 ("there is no evidence that Wal-Mart's policy of checking shoppers' bags when they left the store was made known to the shoppers...[and] no other shoppers' parcels were inspected"). In contrast, the Amended Complaint alleges that this Walmart had a well-known policy of stopping *every* customer for a receipt-check and Mr. Jenkins ignored that request. Accordingly, the context of the Walmart employee's statement is not per se defamatory because the employee had cause to request Mr. Jenkins' receipt again after he did not acknowledge the first request.

Additionally, the Amended Complaint does not state any facts indicating publication of "the guy that was stealing hit his head" or "he wasn't stealing the crown jewels." There is no plausible allegation that anyone else heard these statements by the Walmart employees or that any additional harm came to Mr. Jenkins because they were made. Accordingly, each of the foregoing statements by the Walmart employees do not constitute defamation per se as alleged in the Amended Complaint.

Whether Mr. Jenkins fell down on his own accord or for some other reason, the fourth statement within Count Three (ECF No. 20 at ¶ 64) contains no accusation that he committed a criminal offense, was infected with any disease, was unfit for any office or employment, or was prejudiced in his profession or trade. *See Tronfield*, 636 S.E.2d at 449–50 (outlining the types of

5

words that are actionable as defamation per se). Accordingly, the fourth statement within Count Three fails to state a claim for defamation per se.

Finally, the generalized allegation that Walmart created a "false narrative about the incident" (ECF No. 20 at ¶¶ 63–65) does not contain a specific statement attributable to Walmart. *See Fuste v. Riverside Healthcare Ass'n, Inc.*, 575 S.E.2d 858, 862 (Va. 2003) *quoting Fed. Land Bank of Balt. v. Birchfield*, 3 S.E.2d 405 (Va. 1939) ("Good pleading requires that the exact words spoken…must be set out…*in haec verba*…the pleading…must purport to give the exact words"). Therefore, this generalized allegation does not form a claim for defamation per se.

## B. Counts Six and Ten

Counts Six and Ten assert claims of negligence against Walmart on behalf of Mr. Jenkins and Mr. Henderson for their alleged physical injuries resulting from the incidents on June 16, 2018 and October 15, 2018. ECF No. 20 at ¶¶ 14–24, 25–31, 82–90, 114–122.

A business owner must use ordinary care to keep his premises reasonably safe for a business invitee, although he is not an insurer of the invitee's safety. An invitee has a right to assume that the premises are reasonably safe for his lawful use, in the absence of information to the contrary. While the owner must give notice or warning of an unsafe condition which is known to him and unknown to the invitee, such notice is not required where the dangerous condition is open and obvious and is patent to a reasonable person exercising ordinary care for his or her own safety. *Tate v. Rice*, 315 S.E.2d 385, 388 (Va. 1984) (internal citations omitted).

The Amended Complaint does not allege a specific condition that caused Mr. Jenkins and Mr. Henderson's injuries. Instead, Counts Six and Ten simply recharacterize the same allegations that form the basis for the intentional torts within the Amended Complaint as

negligence. *See e.g.* ECF No. 20 at ¶ 86 (alleging that Walmart employees contacted Mr. Jenkins' shopping cart and said "show me your receipt"); *id.* at ¶¶ 115–122 (contending that Walmart "falsely imprisoned" Mr. Henderson); *see also id.* (alleging claims of defamation per se, false imprisonment, assault and battery on behalf of Mr. Jenkins and false imprisonment on behalf of Mr. Henderson). Further, the Amended Complaint seeks damages for the totality of Mr. Jenkins and Mr. Henderson's claims against Walmart without distinguishing between the alleged harms caused by each count. Accordingly, the negligence claims within Counts Six and Ten are duplicative claims that lack any independent basis from the other intentional torts alleged by Mr. Jenkins and Mr. Henderson. Therefore, Counts Six and Ten must be dismissed with prejudice.

## C. Count Nine

Count Nine alleges that Walmart subjected Mr. Henderson to false imprisonment by asking for his receipt, forcing him away from his shopping cart, and having him handcuffed by a Roanoke Police officer to be held in Walmart's loss prevention office for an undefined period. ECF No. 20 at ¶¶ 25–31, 108–113.

False imprisonment is restraint of one's liberty without sufficient cause. Any restraint by fear or force is unlawful and constitutes false imprisonment unless a showing of justification makes it a true or legal imprisonment. The restrained person need not be confined in a jail or placed in custody. False imprisonment may also be shown when the person was placed in reasonable apprehension force will be used absent submission to the defendant's restraint. It is not necessary to show that the defendant harbored malice, ill will or wrongful intention, and the defendant's good faith will not defeat plaintiff's right to recover. *Samuel v. Rose's Stores, Inc.*, 907 F. Supp. 159, 164–65 (E.D. Va. 1995) (internal citations omitted).

However, Virginia merchants are entitled to an exemption from civil liability, including claims of false imprisonment, if probable cause exists for the restraint and detention of a customer. *Tweedy v. J.C. Penny Co., Inc.*, 221 S.E.2d 152, 155 (Va. 1976) *citing F.B.C. Stores v. Duncan*, 198 S.E.2d 595 (Va. 1973). This exemption is known as "Shopkeeper's Privilege" and is currently codified within Va. Code § 18.2-105.1. The statute reads, in relevant part, "[a] merchant, who has probable cause to believe that a person has shoplifted...may detain such a person for a period not to exceed one hour." Accordingly, in Virginia the "Shopkeeper's Privilege" defense contains the following limitations: (1) a probable cause limitation; and (2) a one-hour temporal limitation. *Id.* The test of probable cause is whether the circumstances justified an ordinarily prudent man in acting as the merchant did. *Tweedy*, 221 S.E.2d at 155. The existence of probable cause does not require ultimate proof of the relevant allegation; rather, probable cause plainly exists when the known facts and circumstances were sufficient to warrant a reasonable belief that contraband would be found. *Cf. United States v. Allen*, 631 F.3d 164, 172 (4th Cir. 2011).

The Amended Complaint describes circumstances forming probable cause that Mr. Henderson was shoplifting as he attempted to exit the Walmart store. While the Court accepts as true that Mr. Henderson paid for all the items in his shopping cart and was not actually shoplifting, he did not produce his receipt when it was requested by the Walmart "greeter" at the store exit. The greeter subsequently requested assistance over the store intercom and another employee arrived to monitor the situation, which culminated in the arrival of a police officer. At every stage of the confrontation, Mr. Henderson had the opportunity to produce his receipt and resolve the problem. Although Mr. Henderson may not have been shoplifting, based on the facts known to the Walmart employees, it was reasonable for them to believe his was shoplifting

8

based on his repeated failure to produce a receipt. Further, there is no allegation that Mr. Henderson was detained for more than in hour, as outlined in Va. Code § 18.2-105.1. Therefore, the Amended Complaint states allegations that show the probable cause necessary for Walmart to utilize the "Shopkeeper's Privilege" defense against Count Nine.

**D. Counts Two and Eight**

Counts Two and Eight of the Amended Complaint attempt to ascribe liability to Walmart for violations Va. Code § 18.2-105.1of. ECF No. 20 at ¶¶ 48–55, 98–107. Plaintiffs contend that Va. Code § 8.01-221 allows Mr. Jenkins and Mr. Henderson to recover for their purportedly unlawful detention at the hands of Walmart. *Id.*

Va. Code § 8.01-221 is the current version of a longstanding Virginia statute that allows plaintiffs to recover damages against violators of criminal statutes. The purpose of Va. Code § 8.01-221 and its statutory predecessors is to prevent a civil defendant facing criminal penalties for wrongdoing that is also tortious from claiming that criminal punishment forecloses civil liability. *Vansant & Gusler, Inc. v. Washington*, 249 S.E.2d 31, 33 (Va. 1993) *citing Connelly v. W. Union Tel. Co.*, 40 S.E. 618, 622 (Va. 1902). However, § 8.01-221 does not create a civil right of action unless the claimed right of action was previously recognized by the statute or another preexisting source of law. *Vansant & Gusler*, 249 S.E.2d at 34. More simply, Va. Code § 8.01-221 does not turn criminal statutes into tort claims, it simply affirms the right of crime victims to sue those convicted of criminal violations based on preexisting torts.

Notwithstanding the limits of the "Shopkeeper's Privilege" defense previously discussed in Part III.C of this Order, Va. Code § 18.2-105.1 does not expressly provide a right of action against a retailer for noncompliance with the limits of "Shopkeeper's Privilege" and no such a right of action has been recognized by Virginia courts. Accordingly, while the scope of the

9

"Shopkeeper's Privilege" defense may be limited or eliminated by a retailer's noncompliance with the confines of Va. Code § 18.2-105.1, the statute does not afford plaintiffs a supplemental claim to the well-recognized torts of false imprisonment, assault, battery, and others.

In this case, Plaintiffs attempt to transform Va. Code § 18.2-105.1 from a shield for Walmart into an additional sword for themselves. While Walmart's defenses against Counts Four, Five, Six, Seven, Nine, and Ten are certainly limited by the terms of Va. Code § 18.2-105.1, Plaintiffs may not use the statute to create another right of action out of the same factual allegations. *See* ECF No. 20 (alleging false imprisonment, assault and battery, and negligence against Mr. Jenkins and Mr. Henderson and conversion against Mr. Jenkins). Accordingly, Va. Code § 8.01-221 does not allow Plaintiffs to sue Walmart for a purported violation of Va. Code § 18.2-105.1 because no tort exists within that statute. Therefore, Counts Two and Eight of the Amended Complaint fail to state a claim for which relief can be granted and must be dismissed with prejudice.

### E. Count One

Count One of the Amended Complaint seeks a declaratory judgement on behalf of a purported class of Walmart shoppers. ECF No. 20 at ¶¶ 1–47. Specifically, Plaintiffs contend that Walmart has been unlawfully detaining customers by asking them for their receipts without probable cause of shoplifting since May 23, 2017, in violation of Va. Code § 18.2-105.1. As a practical matter, Plaintiffs seek a declaration that Walmart's receipt requests are directly analogous to a violation of the Fourth Amendment's probable cause requirements for search, seizure, and arrest.

The Declaratory Judgment Act provides that "[i]n an actual case or controversy within its jurisdiction," a federal district court "may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. However, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Therefore, a district court's decision to entertain a claim for declaratory relief is discretionary. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421 (4th Cir. 1998). Moreover, federal district courts should not use their declaratory judgment power to resolve interpretive issues of state law that the state has a significant interest in resolving on its own. *Micheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992) (holding that declaratory judgment power should not be used wherein "[a]bsent a strong countervailing federal interest, [a] federal court should not...elbow its into [a] controversy to render what may be an uncertain and ephemeral interpretation of state law").

The Court reiterates its conclusion that Count One suffers from similar deficiencies as Counts Two and Eight. *See supra* Part III.D (concluding that Va. Code § 18.2-105.1 is a statute that outlines the scope of the "Shopkeeper's Privilege" defense, but does not create a new tort). Additionally, Plaintiffs' desire to create a new right of action against private parties based on a Virginia statute analogous to the protections against unlawful arrest, search, and seizure found in the Fourth Amendment of the federal Constitution does not create an actual controversy implicating the Declaratory Judgment Act. *See* 28 U.S.C. § 2201. The Court declines to use its discretion to issue declaratory judgments to create a new civil remedy that has not been previously recognized by Virginia courts. Accordingly, Count One fails to state a claim for which relief can be granted and must be dismissed with prejudice.

## IV. CONCLUSION

For the following reasons, Defendant's Motion to Dismiss is **GRANTED**. Counts 1–3, 6, and 8–10 of the Amended Complaint are **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 27, 2020

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE