## DECLARATION OF GARY M. BOWMAN

1.   I am Gary M. Bowman.  I am over eighteen years of age and am competent to make this Declaration.  I am an attorney and I represent the plaintiff Shane Jenkins in Jenkins v. Wal-Mart Stores, Inc., Case No. 2:19-cv-00271.

2.   Plaintiff Shane Jenkins propounded his Interrogatory No. 1 and Requests for Admission Nos. 1-22 to Walmart on October 9, 2020, requesting that Walmart admit that certain medical bills attached as Exhibits to the requests for admissions were for charges billed to Jenkins by health care providers and that the amounts charged by the health care providers were reasonable charges for the treatment.  I emailed and mailed Interrogatory No. 1 and Requests for Admission Nos. 1-22 to Walmart's counsel on October 9, 2020.

3.   On October 30, 2020, Walmart's counsel (Karissa Kaseorg) provided objections to Jenkins' Interrogatory No. 1 and Requests for Admission Nos. 1-22, but did not provide answers or responses to the discovery requests.  On October 30, Kaseorg wrote to me that: "Answers are forthcoming."  A copy of Kaseorg's October 30, 2020 letter to me is attached as Attachment 1.

4.   Plaintiff's Interrogatory No. 5 asked: "Please identify any person who can testify that Marvin Webb had probable cause to believe that the Plaintiff Shane Jenkins shoplifted at your store on June 16, 2018)."

5.   Marvin Webb is dead.

6.   On January 6, 2021, in an attempt to confer on the telephone

1

about the outstanding discovery requests (as well as other matters), I telephoned Kaseorg's office at 1:37 p.m. and spoke to a woman who answered the telephone.  I asked to speak to Kaseorg, but was told that Kaseorg was "unavailable" and that I could leave a voicemail.  I then called Kaseorg's office again, at 1:40 p.m. and asked to speak to Kaseorg's assistant.  I was told that Kaseorg was in a deposition and that Kaseorg would call me back later.  Kaseorg called me back later on January 6.  I referred to my November 20, 2020 letter, said that I had still not received adequate discovery responses, and I needed Walmart to designate a Rule 30(b)(6) representative to be deposed.  I said that I might decide not to take the Rule 30(b)(6) deposition of Walmart if I no longer needed to take the deposition after Walmart provided adequate responses to the outstanding written discovery requests. Kaseorg told me that she had a hearing/deposition/settlement conference every day for the first three weeks of January, but that she would be working to provide the documents requested in discovery.  She said that the discovery responses would "be forthcoming."  I received the impression that she was too busy to produce the documents that Jenkins requested, to provide adequate answers to Jenkins' interrogatories, and that the reason she had not identified a Walmart corporate representative after my November 20, 2020 letter was that she and/or Walmart was daring Jenkins to force Walmart's further discovery compliance with a Motion to Compel.  So I sent Kaseorg a letter on January 7, 2021, restating in detail what I considered to be outstanding

2

discovery issues and stating that Jenkins would file a Motion to Compel if Walmart did not respond by 5:00 p.m., January 13, 2021.

7.    I did not receive any response from Walmart's counsel in response to my November 6, 2020 or January 7, 2021 letters and emails to Walmart's counsel, Karissa Kaseorg before I filed the Motion to Compel on Jenkins' behalf.  But Walmart's lawyers (D. Cameron Beck and Karrissa Kaseorg) called me on the telephone three times *after* I filed his Motion to Compel and asked me to withdraw the motion.  I emailed Beck and Kaseorg on January 15, 2021 that I would only withdraw the motion if Walmart adequately responded to Jenkins' discovery requests and paid "the attorney fees ($812.50) Plaintiff has so far incurred to bring the motion to compel" (ECF 44-1 at 1).

8.    My written Representation Agreement with Jenkins requires him to pay me hourly attorney fees at the rate of $325.00 per hour.  Jenkins has incurred $4712.50 in attorney fees to bringing and prosecuting the Motion to Compel.  I would not have filed the Motion to Compel, and Jenkins would not have incurred these attorney fees, if Walmart had provided adequate discovery responses prior to Jenkins' Motion to Compel.  An itemization of the attorney fees is attached as Attachment 2.

9.    In its supplemental response, *after* the Motion to Compel, Walmart stated that:

> Marvin Webb appears on Colonial Heights Police
> Department Axon Body 2 X81080351, with timestamp "2018-
> 0616 T15:00-42Z through T15:18:25Z, as previously noted
> to Plaintiff (Officer: "Did this guy, did this guy show
> you a receipt?" Webb responded, "No, he wouldn't stop"
> while pointing to where Officer was standing, which is

3

the customer exit.  Officer again asked, "Did he try to show you one or anything?" Webb responded "No, he kept running.")

This response was essential to Jenkins' preparation for trial because it clarified that Webb's statement in the Colonial Heights Police Department Axon Body 2 X81080351 (between timestamps 2018-0616 T15:00-42Z through T15:18:25Z) was the only statement made by Webb or any other person supporting Walmart's defense of probable cause.

10.  Walmart **admitted** Requests for Admissions 4, 5, 10, 12, 18, 20, and 22 **after** Jenkins filed his Motion to Compel.

11.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 2, 2021.

_____
Gary M. Bowman

4

ATTCHMENT 1

Karissa T. Kaseorg, Esquire

Direct Dial: 804.344.6316

Facsimile: 804.775.7238

E-Mail: kkaseorg@lawmh.com

**MH**

McCandlish Holton

October 30, 2020

<u>VIA US MAIL AND EMAIL</u>
Gary M. Bowman
2728 Colonial Ave., Suite 100
Roanoke, VA 24015

>       Re:    <u>Shane Jenkins v. Wal-Mart Stores, Inc.</u>
>              Civil Action No. 2:19cv271

Dear Mr. Bowman:

On behalf of Wal-Mart Stores, Inc., please find enclosed objections to Plaintiff's First RFAs and Interrogatories. Answers are forthcoming.

If you have any questions please do not hesitate to contact me.

Sincerely,

Karissa T. Kaseorg

KTK/lml
Enclosures

ATTCHMENT 2

## Itemization of attorney fees incurred by Shane Jenkins for attorney work done by Gary M. Bowman on the Motion to Compel and the briefs supporting the Motion to Compel

| DATE | DESCRIPTION | TIME | RATE | AMOUNT |
|------|-------------|------|------|--------|
| 1/13/2021 | Legal research; drafting, editing, and filing Motion to Compel and Memorandum in support of Motion to Compel | 2.5 | 325.00 | 812.50 |
| 1/28/2021 | Reading Walmart's brief in opposition to Motion to Compel; legal research; drafting Reply Memorandum in support of Motion to Compel | .6 | 325.00 | 195.00 |
| 1/29/2021 | Legal research; drafting Reply Memorandum in support of Motion to Compel | 5.2 | 325.00 | 1690.00 |
| 1/30/2021 | Legal research; drafting Reply Memorandum in support of Motion to Compel | 5.5 | 325.00 | 1787.50 |
| 1/31/2021 | Proofreading and editing Reply Memorandum in support of Motion to Compel | .4 | 325.00 | 130.00 |
| 2/1/2021 | Proofreading and editing Reply Memorandum in support of Motion to Compel | .3 | 325.00 | 97.50 |
| | | | | 4,712.50 |