UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| SHANE M. JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:19-cv-271 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Shane M. Jenkins's Motion to Compel and

memorandum in support, filed on January 13, 2021. ECF Nos. 42-43. By his motion Plaintiff

sought Defendant Wal-Mart Store's, Inc.'s ("Wal-Mart") more complete responses to certain

interrogatories and request for production of documents. *Id.* Plaintiff also sought reasonable

expenses including attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5), for having to pursue the

motion. *Id.* Wal-Mart responded to the motion on January 27, 2021, and advised that all discovery

matters had been resolved and all that remained in dispute was Plaintiff's request for attorney's

fees. ECF No. 44. Plaintiff filed a reply detailing the nature of the dispute, the process of its

resolution, and the justification for his attorney's fees request. ECF No. 48. The Court held a

remote hearing on the motion on March 23, 2021, at which Gary M. Bowman, Esq. appeared for

Plaintiff, and D. Cameron Beck, Esq. and Karissa T. Kaseorg, Esq. appeared for Wal-Mart. The

matter is therefore ripe for disposition.

According to the briefing and the parties' arguments at the hearing, Mr. Bowman issued to

Wal-Mart Plaintiff's first set interrogatories and requests for production of documents ("RFP") on

October 9, 2020. Pursuant to the Court's Rule 16(b) Scheduling Order, Plaintiff's discovery cut-

off date was December 24, 2020. ECF No. 36, ¶ 3. According to Mr. Bowman, Wal-Mart did not timely answer Plaintiff's discovery, replying instead on October 30, 2020, with its objections and statement that responses would be forthcoming. This led Mr. Bowman to write a letter to Ms. Kaseorg on November 20, 2020, requesting that answers be provided "as soon as possible," and requesting Wal-Mart produce for deposition a witness pursuant to Fed. R. Civ. P. 30(b)(6). ECF No. 43, attach. 2. On the same date, Mr. Bowman served Plaintiff's second set of interrogatories and RFPs.

Wal-Mart responded to all of Plaintiff's discovery, but in a fashion Mr. Bowman did not believe was complete.[1] Most importantly, Plaintiff's second RFPs sought certain policy and procedures manuals utilized by Wal-Mart. Wal-Mart advised that it would produce the requested records after the parties agreed to a protective order to be entered by the Court. Wal-Mart sent the proposed protective order to Plaintiff's counsel on December 23, 2020, three days after its responses to discovery were due, and one day before the close of Plaintiff's discovery. Mr. Bowman returned the agreed signed protective order on December 31, 2020. Wal-Mart submitted a motion asking the Court to enter the agreed protective order on January 4, 2021. ECF No. 38. The Court entered the protective order the next day. ECF No. 40.

On January 6, 2021, Mr. Bowman attempted to reach Ms. Kaseorg by telephone to discuss matters related to the upcoming settlement conference, scheduled for the following day, and the status of his discovery requests. Ms. Kaseorg was in a deposition, but returned Mr. Bowman's call later that afternoon. According to Ms. Kaseorg and not disputed by Mr. Bowman, the telephone call lasted approximately five minutes, and most of it was devoted to the upcoming settlement conference. The status of the document production was briefly discussed. Ms. Kaseorg

---

[1] The specific discovery at issue was interrogatories 1, 4, 5 and 7, and RFPs 1-6 of Plaintiff's second RFP.

stated at the hearing that she brought up the subject and advised Mr. Bowman that her office was working on the document production. Ms. Kaseorg further advised that she would be tied up in depositions, hearings, and settlement conferences every day for the first three weeks of January, but would be working to provide the documents requested in discovery. Mr. Bowman conceded that Ms. Kaseorg may have been the one to raise the status of Plaintiff's document request in their conversation, but advised that he reiterated to her his need for these documents. Mr. Bowman's dissatisfaction with the interrogatory answers was not discussed during this telephone call.

The parties unsuccessfully participated in the settlement conference on January 7, 2021, and the same day Mr. Bowman wrote to Ms. Kaseorg detailing his complaints with Wal-Mart's discovery responses and his probable need for a Rule 30(b)(6) witness. ECF No. 43, attach. 2. In the letter Mr. Bowman advised: "The purpose of this letter is to confer with you to resolve outstanding discovery issues in an attempt to avoid court involvement in issues that counsel should be able to resolve." *Id.* at 9. He explained in detail what he perceived to be Wal-Mart's discovery shortcomings, and closed by advising

> Please respond to this letter by 5:00 p.m., Wednesday, January 13, 2021. If I do not receive an adequate response regarding my request to take the Rule 30(b)(6) deposition of Walmart and my request that Walmart fully respond to Plaintiff's written discovery requests, I will file a motion to compel with the Court."

*Id.* at 13.

According to Wal-Mart, somehow they did not see this letter prior to January 13, 2021,[2] and did not provide any further discovery responses by Mr. Bowman's proffered deadline. Mr. Bowman therefore filed the instant Motion to Compel at 5:18 p.m. on that date.[3] In the following few days, Wal-Mart provided the requested discovery to Mr. Bowman's satisfaction, including the

---

[2] They did not dispute at the hearing that Mr. Bowman sent the letter or that it was, in fact, received by them.
[3] According to the Court's CM/ECF docketing system.

3

Wal-Mart manuals sought by the second RFP. Wal-Mart also attempted to persuade Mr. Bowman to dismiss the motion on the grounds that they had complied with all his discovery requests. When he refused, claiming Plaintiff was still entitled to fees under Fed. R. Civ. P. 37(a)(5)(A), Wal-Mart filed their memorandum in opposition explaining, *inter alia*, that Mr. Bowman had failed to meet and confer about the discovery dispute as required by Rule 37 and E.D. Va. Local Civil Rule 37(E) prior to filing his motion to compel. Mr. Bowman then filed his reply explaining in detail the discovery dispute, his efforts to resolve it both prior to and after filing the motion, and justifying his claim for reasonable fees under Rule 37(a)(5)(A).

Since the substance of the discovery dispute has been resolved, i.e., Plaintiff has received the fulsome interrogatory answers and documents he requested, the sole dispute before the Court is whether Plaintiff is entitled to "reasonable expenses, incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). First, the Court notes that Rule 37(a)(5)(A) provides that reasonable expenses are available if the motion to compel is granted or "if the disclosure or requested discovery is provided after the motion [was] filed". Since the requested discovery was eventually provided after the motion to compel was filed, this resolution of the motion operates in Plaintiff's favor.

Second, having obtained the discovery sought, the rule provides that reasonable expenses *must* be awarded to the movant unless one of three exceptions applies:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). The Court therefore addresses Plaintiff's fee request under these parameters.

4

Wal-Mart contends that subsection (i) applies here because Mr. Bowman failed to engage in a good faith effort to resolve this dispute without court intervention. Fed. R. Civ. P. 37(a)(1) requires that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Court's local rules go further, requiring that such "meet and confer" efforts occur in person or by telephone:

> (E) Consultation Among Counsel: Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.

E.D. Va. Local Civil Rule 37(E). Initially, Mr. Bowman asserted that his January 7, 2020 letter constituted his good faith effort to meet and confer. ECF No. 43 at 8-9 ("Plaintiff's counsel hereby certifies that on January 7, 2021, I attempted in good faith to confer with counsel for Defendant Wal-Mart, Inc. in an effort to obtain the discovery that is the subject of this motion by emailing her the letter attached as Exhibit A, and that I have not received a response to my letter"). Counsel's letter clearly did not comply with Local Rule 37(E).

After Wal-Mart challenged Plaintiff's compliance with his meet and confer obligation, Mr. Bowman responded in reply that he and Ms. Kaseorg had in fact discussed Wal-Mart's discovery responses during their telephone call on January 6, and that this communication satisfied the meet and confer requirement. ECF No. 48 at 1-2. At the hearing, the parties described their conversation as set forth, *supra*. Mr. Bowman did not dispute that Wal-Mart's interrogatory answers were not discussed during this phone call. He further did not seriously contest that Ms. Kaseorg raised the subject of the document production and advised him that her office was working

5

on it. Since Local Rule 37(E) instructs the Court not to consider any motion to compel absent a good faith effort to resolve the dispute without court intervention, the Court must first determine whether Mr. Bowman's efforts satisfied this requirement.

Unnecessary discovery disputes requiring court intervention waste attorney time, cost their clients extra fees, and waste judicial resources. The Federal Rules of Civil Procedure and this Court's local rules are designed to minimize in every way possible the costs and burdens of litigation incurred because of such conflicts. To that end, Local Civil Rule 37(E) goes beyond the Federal Rule by requiring attorneys to actually discuss, either in person or by telephone, the obstacles that may arise from discovery disagreements. It has been the experience of this Court, and probably all courts, that when attorneys engage in good faith efforts to resolve their disputes by discussion, negotiation, and compromise, more often than not the result is a "more just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1.

Here, the Court is confronted with a dispute over both interrogatories and document production. Regarding the interrogatory dispute, Mr. Bowman admittedly never discussed with Wal-Mart's counsel his disagreement with Wal-Mart's responses. While he wrote a lengthy letter on January 7, 2021, detailing the alleged deficiencies, that conduct does not satisfy the requirement to meet and confer in person or by telephone. Mr. Bowman had an opportunity to discuss the interrogatory responses during the January 6 phone call; he had an opportunity to discuss them at the settlement conference the next day. He failed to do so. Instead, after he filed the motion, Wal-Mart provided him with the additional information he sought within a matter of days. Consequently, the Court will find that Plaintiff is not entitled to fees with respect to the motion seeking an Order compelling more fulsome responses to interrogatories 1, 4, 5, and 7.

The document production dispute is a different matter. Here, Plaintiff's RFP for Wal-

Mart's manuals was issued on November 20, 2020, requiring a response no later than December 20, 2020. Wal-Mart agreed to produce the requested records provided Plaintiff agreed to enter a protective order. Three days after its discovery response was due, Wal-Mart sent Mr. Bowman its proposed order. Mr. Bowman signed the proposed order and returned it, whereupon it was filed by Wal-Mart on January 4, 2021, and entered by the next day, seventeen days after the documents originally were due to be produced. The day after that, January 6, Mr. Bowman and Ms. Kaseorg discussed the state of production, albeit briefly. Wal-Mart's counsel reiterated her client's intent to comply with its discovery obligations, but noted she had pending obligations in other cases. The day after this discussion, January 7, Mr. Bowman reiterated his need for this discovery by letter, and advised Wal-Mart that he would file a motion to compel in six days if he did not receive it. The deadline having passed without Wal-Mart fulfilling its obligations, Mr. Bowman filed the motion to compel on January 13, 2021. Within two days, Wal-Mart produced the requested documents. *See* ECF No. 44, attach. 2.

The Court is persuaded that Mr. Bowman did all he could do to meet and confer with Wal-Mart regarding this discovery impasse in compliance with Fed. R. Civ. P.37 (a) and E.D. Va. Local Civil Rule 37(E). Unlike with respect to the interrogatories, this dispute did not turn on the correctness of either parties' interpretation of the sufficiency of a discovery response. Instead, this dispute centered on Wal-Mart's simple failure to produce documents it acknowledged it was obligated to produce, and which it reiterated its intent to produce, within a reasonable time frame. The attorneys did discuss the situation, but there was little negotiation or compromise available to Plaintiff to pursue because Wal-Mart readily agreed to produce in full the documents sought, Mr. Bowman signed the proposed protective order as demanded, and then Wal-Mart failed to produce the documents.

Neither of Wal-Mart's excuses for failing to fulfill its production obligation in a timely fashion constitute substantial justification for its failure to timely produce the requested documents under Rule 37(a)(5)(A)(ii).  First, merely because counsel is busy with obligations in other cases is no reason to deprive Plaintiff of discovery to which he is unquestionably entitled.  Second, despite the brevity of conversation on January 6 between Mr. Bowman and Ms. Kaseorg, there is little else that needed to be said or could have been said between the parties to have resolved the impasse: Mr. Bowman said he still needed the documents;  Ms. Kaseorg said she was working on it.  Any other discussion would have been superfluous.  Third, Mr. Bowman followed up Ms. Kaseorg's stated intent to produce the documents by giving Wal-Mart a reasonable deadline to do so.  The fact that Wal-Mart's counsel somehow did not see the January 7 letter before Plaintiff filed the motion to compel the evening of January 13 is their shortcoming, not Mr. Bowman's.

Finally, other circumstances do not make an award of expenses unjust under Rule 37(a)(5)(A)(iii).  The fact that the documents were promptly produced right after the motion to compel was filed is telling.  Wal-Mart received the RFP in November.  It agreed to produce the documents upon entry of an agreed protective order.  That order was entered, and still Wal-Mart did not produce the documents.  Only after the motion to compel was filed did Wal-Mart actually deliver on its promised production.  The scope of the production—a limited number of Wal-Mart's own policy and procedures manuals—persuades the Court that these documents could have been produced much sooner than they eventually were, nearly two months after the request.  The timing of the production—merely two days after the motion to compel was filed—persuades the Court that, had Mr. Bowman not filed the motion to compel on January 13, Wal-Mart would not have produced the manuals when they did two days later.  The Court therefore finds that Plaintiff is entitled to reasonable expenses under Rule 37(a)(5)(A) for having to pursue the motion to compel

the production of documents.

Plaintiff has sought $4,712.50 in attorney's fees for 14.5 hours of work performed by Mr. Bowman, at the fee rate of $350 per hour, "on the Motion to Compel and the briefs supporting the Motion to Compel." ECF No. 48, attach. 1 at 8. This included preparing the opening brief, reviewing Wal-Mart's opposition, and preparing Plaintiff's reply brief. *Id.* This Court has previously found that Rule 37 permits recovery for "all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." *Lismont v. Alexander Binzel Corp.,* 47 F. Supp. 3d 443, 454-55 (E.D. Va. 2014) (quoting the persuasive reasoning of *In re Stauffer Seeds, Inc.,* 817 F.2d 47, 50 (8th Cir.1987)). With this principle in mind, Plaintiff is entitled to recover the reasonable attorney's fees that would not have been incurred had Wal-Mart timely produced the requested documents.

In determining a reasonable fee award, the Court starts with the proposition that the burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990); *Cook v. Andrews,* 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The Court evaluates the reasonableness of attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.,* 549 F.3d 313, 320-21 (4th Cir. 2008). To determine the reasonableness of the hours worked and the billable rate, the Court looks to the factors[4] enumerated in *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243–44 (4th Cir. 2009). Specifically in connection with an award of attorneys' fees awarded pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court looks to (1) Factor 1: the time and labor expended; (2) Factor 2: the novelty and difficulty

---

[4] Commonly referred to as the *Johnson* factors, enumerated in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989))

of the questions raised; (3) Factor 3: the skill required to properly perform the legal services rendered; (4) Factor 5: the customary fee for like work; (5) Factor 9: the experience, reputation and ability of the attorney; and (6) Factor 12: attorneys' fees awards in similar cases. *Id.; Flame S.A. v. Indus. Carriers, Inc.,* No. 2:13-CV-658, 2014 WL 4809842, at *4 (E.D. Va. Sept. 25, 2014); *Sun Trust Bank v. Nik,* No. 1:11cv343, 2012 WL 1344390, at *3 (E.D. Va. Mar. 22, 2012). Importantly, it is within the sound discretion of the Court to fix the amount of a reasonable fee. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).

According to Plaintiff, Mr. Bowman spent 2.5 hours researching, drafting, editing and filing the motion to compel and attendant brief, and the remainder of the time—12 hours— reviewing Wal-Mart's opposition and preparing his reply. ECF No. 48, attach.1 at 8. In analyzing the *Johnson* factors, the Court finds that time spent is excessive. Regarding factors 1, 2, and 3, given the specific issue which was in dispute[5] and for which the Court has determined reasonable expenses are appropriate—Wal-Mart's failure to timely produce responsive documents—this was a straight-forward discovery matter involving a simple dispute requiring neither extraordinary skill on the part of counsel nor extensive briefing. Wal-Mart was well overdue in producing documents, and despites its promises, Plaintiff could not get Wal-Mart to provide them. Accordingly, all that was required was a short motion and brief setting forth Plaintiff's entitlement to the documents and Wal-Mart's intransigence. After Wal-Mart complied with the document request within two days, the dispute was resolved, leaving only the matter of potential attorney's fees for Plaintiff to seek court intervention to obtain Wal-Mart's compliance. Instead, Plaintiff engaged in extensive research and briefing, including substantial argument regarding the interrogatory dispute.

The Court therefore finds that the total requested 14.5 hours of time is excessive. Plaintiff's

---

[5] As stated, *supra,* since Plaintiff failed to appropriately meet and confer concerning the dispute over the interrogatory responses, Plaintiff is not entitled to an award of expenses for pursuing this claim pursuant to Rule 37(a)(5)(A)(i).

argument in his opening brief regarding Wal-Mart's failure to produce documents consists of a single sentence: "Walmart has not produced copies of any of those documents." ECF No. 43 at 3. Counsel should have been able to prepare and submit in one hour a simple motion to compel production of documents based on Wal-Mart's noncompliance. Moreover, counsel should have been able to review Wal-Mart's opposition and draft Plaintiff's reply, including his request for attorney's fees, in no more than two hours. Finally, since the Court granted Wal-Mart's request for a hearing, ECF No. 60, Plaintiff is entitled to his fees for participating in that hearing. According to the minutes, the hearing lasted 1.1 hours. ECF No. 61. Again, the only issue in dispute for which fees may be sought is Wal-Mart's failure to produce documents which they represented they would produce. Wal-Mart had no justifiable reason for failing to timely produce the documents once the protective order was entered, and therefore a short reply and fee request was all that was warranted. Plaintiff is therefore entitled to recover fees for a total of 4.1 hours of attorney time.

With respect to factors 5 and 12, Plaintiff did not provide the Court with information concerning the customary fee for like work or fee awards in similar cases. Additionally, counsel did not provide the Court with information regarding his experience, reputation, and ability (factor 9). Nonetheless, in the absence of sufficient evidence, "the Court may set a reasonable hourly rate based upon its own knowledge and experience." *Rehabilitation Ass'n of Virginia, Inc. v. Metcalf,* 8 F.Supp.2d 520, 528 (E.D. Va. 1998) (citing *EEOC v. Nutri/System, Inc.,* 685 F.Supp. 568, 573 (E.D. Va. 1988); *see also Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.,* 295 F.3d 1065, 1079 (10th Cir.2002) (stating that where "a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). As the Fourth Circuit has noted, "[t]he prevailing market rate [for attorney's

fees] may be established through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987).

Plaintiff has requested an hourly billable rate of $350 for Mr. Bowman's services, which Wal-Mart has not contested. Mr. Bowman has represented that $350 is his actual billing rate. In the Court's judgment, based in part on its almost forty years of civil litigation practice and judicial experience, Mr. Bowman's billable rate is reasonable.

In conclusion, the Court has determined that Plaintiff is entitled to an award of reasonable expenses under Rule 37(a)(5)(A) in the amount of $1,435, reflecting 4.1 hours of attorney time at the rate of $350 per hour, necessitated by Wal-Mart's failure to timely respond to Plaintiff's RFP. Whether or not Wal-Mart's counsel was too busy to timely attend to its discovery obligations and pay attention to correspondence involving one of presumably many cases it defends, it was not substantially justified in making promises it could not keep to produce documents Plaintiff contends are vital to his case. Even though Plaintiff invested too much time and expense in pursuing a remedy for Wal-Mart's inattention to its discovery obligations, he still is entitled to some reasonable expenses in having to involve the Court to obtain relief.

For these reasons, Plaintiff's Motion to Compel, ECF No. 42, is **GRANTED** to the limited extent that Wal-Mart is ordered to pay Plaintiff $1,435 in reasonable expenses.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
April 5, 2021